UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

        Plaintiff,

v.

JAMIE KANE, *et al.*,

        Defendants.

Case No. C19-0882-JCC-MAT

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's "Motion to Alter (Amend) Judgment" which is, in effect, a motion for reconsideration. The Court, having reviewed plaintiff's motion, and the balance of the record, hereby ORDERS as follows:

(1) Plaintiff's motion for reconsideration (Dkt. 26) is DENIED. Plaintiff seeks reconsideration of this Court's November 27, 2019 Order denying his motion to strike defendants' motion for summary judgment. (*See* Dkt. 24.) Motions for reconsideration are disfavored and will be granted only in limited circumstances. The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 1

reasonable diligence." LCR 7(h)(1).

On October 2, 2019, less than a month after this Court issued a pretrial scheduling order in this action, plaintiff filed a motion for summary judgment without having made any attempt to initiate discovery. (*See* Dkts. 11, 12.) Defendants filed a response to plaintiff's summary judgment motion on October 18, 2019 and incorporated into their response a cross-motion for summary judgment. (Dkt. 13.) Plaintiff thereafter filed a motion to strike defendants' summary judgment motion in which he argued that defendants' motion should be stricken because he had not yet had access to discovery and he would need time to conduct discovery in order to effectively respond to defendants' motion if his own summary judgment motion were not granted. (Dkt. 18 at 1.) Plaintiff suggested that defendants be granted leave to refile their motion as a response to plaintiff's summary judgment motion or, in the alternative, that he be afforded time to conduct the discovery necessary to respond to defendants' summary judgment motion. (*Id*. at 2-3.)

The Court denied plaintiff's motion to strike upon concluding that plaintiff had had an opportunity to conduct discovery during the pendency of the case but had made no effort to do so. (Dkt. 24 at 3.) The Court explained that the decision by plaintiff to forego discovery in favor of filing an early, and arguably premature, motion for summary judgment, was fatal to his request to strike defendants' summary judgment motion or to continue the motion to allow plaintiff more time to conduct discovery. (*See id*. at 2-3.) In his motion for reconsideration, plaintiff disparages the Court's ruling but fails to provide any substantive basis for reversing the decision.[1] (*See* Dkt. 26.) While plaintiff is clearly unhappy that the Court has not allowed him to litigate this case on

---

[1] Plaintiff asserts that the Court is "notorious for abusing its discretion" and "has routinely shown itself to be anti-prisoner." (Dkt. 26 at 1.) Plaintiff also asserts that if the Court declines to allow plaintiff to conduct discovery "it is realistically foreseeable that the appellate court will reverse its judgment." (*Id*.)

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 2

his own terms and on his preferred schedule, he offers nothing in his motion for reconsideration to demonstrate that the Court's prior ruling was erroneous and the prior ruling will therefore stand.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 1st day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 3